IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, <br>          Plaintiffs, <br><br> vs. <br><br> NEIDIG EXCAVATING, INC., <br><br>          Defendant. | CASE NO.:   19- |

# COMPLAINT

NOW COMES the Plaintiff, Mid Central Operating Engineers Health and Welfare Fund, by its attorney, David W. Stuckel, and for its complaint against the Defendant, Neidig Excavating, Inc., states as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 USC 1132 and 1145 (hereinafter referred to as "ERISA").  Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. The Plaintiff is an employee pension fund under ERISA which conducts its business within the Central District of Illinois, and in particular Peoria County. Defendant is an employer under ERISA and the Labor Management Relations Act, 29 USC 185.

3.     Defendant is obligated to make contributions to the Plaintiff under the terms of a certain agreement and declaration of trust establishing and outlining the administration of the Fund and pursuant to the terms of a collective bargaining agreement adopting the agreement and declaration of trust entered into by Defendant with International Union of Operating Engineers Local 649 which has been continuously in effect from June 7, 2012, to the present. (Ex. 1).

4.     Central Pension Fund of the International Union of Operating Engineers and Participating Employers is an employee pension benefit plan under ERISA. Central Pension Fund has entered into an agreement with Mid Central Operating Engineers Health and Welfare Fund under which Mid Central is authorized to collect all amounts due to Central Pension Fund for work within the territorial area covered by Mid Central Operating Engineers Health and Welfare Fund.

5.     Defendant is obligated to make contributions to Mid Central Operating Engineers Health and Welfare Fund and Central Pension Fund of the International Union of Operating Engineers and Participating Employers under the terms of the agreements and declarations of trust establishing and outlining the administration of each Fund and, further, pursuant to the terms of a Collective Bargaining Agreement entered into by Defendant which sets forth the rate of contribution of each of the foregoing Funds and other Funds for which Mid Central Operating Engineers Health and Welfare Fund acts as the agent for collection.

6.  As an employer obligated to make contributions to the Fund in accordance with its Collective Bargaining Agreement(s). Defendant is specifically required to do the following:

   a.  To submit to Plaintiff for each month, by the fifteenth (15th) day of the month following the month for which the report is made, a report stating the names, social security numbers and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiff, or, if no such persons are employed for a given month, to submit a report so stating;

   b.  To remit with the report payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement signed by Defendant;

   c.  To make all of its payroll books, records, tax and unemployment reporting forms, and other applicable records available to Plaintiff for the purpose of auditing same to determine whether Defendant is making full payment as required under the applicable agreements;

   d.  To compensate Plaintiff by way of liquidated damages the amount of fifteen percent (15%) of any and all contributions which are not timely received by Plaintiff for each moth in which contributions are due, as specified fully in paragraph 3a. above, together with interest at the rate of 9% per annum from the date said contribution was due until the date paid;

   e.  To pay any and all costs incurred by Plaintiff in auditing Defendant's records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiff;

   f.  To pay Plaintiff's reasonable attorney's fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit records for audit or to recover delinquent contributions; and

7. Defendant is delinquent and has breached its obligations to the Fund in the following respects:

    a. Defendant has failed or refused to submit all of its reports to Plaintiff due, to date, and/or has failed to make payments of all contributions acknowledged by Defendant therein to be due Plaintiff;

    b. Defendant had made payment of contributions due Plaintiff but such payment was made in an untimely fashion under the terms of the collective bargaining agreement. Plaintiff has assessed liquidated damages and accrued interest against the Defendant as authorized by the trust agreement and ERISA, but Defendant has failed and refused to make payment of said liquidated damages and accrued interest;

8. Upon careful review of all records maintained by Plaintiff and after application of any and all partial payments made by Defendant, the total sum of $35,307.55 is due from Defendant to Plaintiff itemized as follows:

    a. $27,348.49 in unpaid contributions for the period of April 2015, June through October 2017 and December 2017;

    b. $4,084.12 in liquidated damages on unpaid contributions for the period of April 2015, June through October 2017 and December 2017;

    c. $3,874.94 in interest on unpaid contributions through April 17, 2019, at the rate of 9% per annum;

WHEREFORE, Plaintiffs pray:

    A. That judgment be entered in favor of Plaintiff and against Defendant in the total sum of $35,307.55 ; and

  B. That Plaintiff be allowed its reasonable attorney's fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the Plan and in ERISA; and

  C. The Plaintiff have such other and further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

        **Respectfully Submitted,**

        **Mid Central Operating Engineers Health and Welfare Fund**, **Plaintiff**.

        BY: s/ David W. Stuckel
          DAVID W. STUCKEL

**HARVEY & STUCKEL, CHTD.**
101 SW Adams St., Suite 600
Peoria, IL  61602
Telephone:  (309) 671-4900
Facsimile: (309) 671-5473
dstuckel@hslaw.us